**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 26-123-DLB**

**DABINSSON NINO-MEYER** **PETITIONER**

**VS.** **MEMORANDUM ORDER**

**WARDEN BURNSIDE** **RESPONDENT**

*** *** *** ***

Federal inmate Dabinsson Nino-Meyer filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he suggests that the Federal Bureau of Prisons ("BOP") incorrectly determined that he is ineligible to earn First Step Act ("FSA") time credits. (*See* Doc. # 1). Nino-Meyer's petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243.

The Court has reviewed Nino-Meyer's submission but will deny his request for relief for multiple reasons. As an initial matter, Nino-Meyer recently filed a similar § 2241 petition. *See Nino-Meyer v. Burnside*, No. 0:26-cv-100-DLB, at Doc. # 1 (E.D. Ky. 2026). This Court, however, denied Nino-Meyer's petition because it was evident that he did not fully and properly exhaust his administrative remedies, as required. *See id.* at Doc. # 3. Instead of returning to the grievance process and exhausting his available administrative remedies, Nino-Meyer simply refiled his petition with this Court. Thus, Nino-Meyer's petition is subject to summary denial for the reasons previously stated by this Court. *See id.*

Moreover, it is plainly apparent that Nino-Meyer's petition fails on the merits. Nino-Meyer pled guilty to (1) conspiracy to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); and (2) possession with the intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl (and aiding and abetting), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. *See United States v. Dabinsson Nino-Meyer*, No. 2:19-cr-307-CFK, at Doc. # 606 (E.D. Penn. July 11, 2024). Ultimately, the Eastern District of Pennsylvania sentenced Nino-Meyer to 75 months in prison. *See id.*

This Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes possession with the intent to distribute a mixture or substance containing a detectable amount of fentanyl as one such disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi). Given Nino-Meyer's offense, he is ineligible to earn FSA time credits. And while Nino-Meyer argues that "18 U.S.C. § 3632(d)(4)(D)(lxvi) should not disqualify me from earning FSA Time Credits" (Doc. # 1 at 12), his argument is difficult to follow, and he certainly has not demonstrated in any clear way that he is entitled to relief.

Accordingly, it is **ORDERED** as follows:

(1) Nino-Meyer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 20th day of August, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**

G:Judge-DLB\DATA\ORDERS\PSO Orders\Nino-Meyer 26-123-DLB Memorandum.docx